<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARTHUR NEDINSKY, and SANDRA NEDINSKY,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>RONETCO SUPERMARKETS, INC. t/a SHOPRITE LIQUORS STORE i/p/a SHOPRITE WINES AND SPIRITS OF FRANKLIN, FRANKLIN SHOPPING CENTER LLC, FRANKLIN SHOPPING PLAZA, LLC, MAINARDI MANAGEMENT COMPANY, and JOHN DOES 1-10 inclusive,<br><br>        *Defendants*.<br>and<br><br>RONETCO SUPERMARKETS, INC. t/a SHOPRITE LIQUORS STORE, i/p/a SHOPRITE WINES AND SPIRITS OF FRANKLIN<br><br>        *Defendant/Third Party Plaintiff*.<br><br>    v.<br><br>WURTSBORO ASSOCIATES, LLC, KLAE CONSTRUCTION, INC., and D&C CONTRACTORS,<br><br>        *Third Party Defendants*.<br>and | Civil No. 2:13-0599 (KSH) (CLW)<br><br><br><br><br><br><br><br><br><br><br><br>**OPINION** |

1

WURTSBORO ASSOCIATES, LLC, and
MAINARDI MANAGEMENT COMPANY
I/P/A FRANKLIN SHOPPING PLAZA,

>                    *Defendant/Third Party Plaintiff,*

>    v.

J.W. CONSTRUCTION

>                    *Third Party Defendant.*

**Katharine S. Hayden, U.S.D.J.**

Before the Court are four summary judgment motions related to a personal injury lawsuit

arising from an accident that occurred on February 2, 2011, on the grounds of a ShopRite

supermarket located in Franklin, NJ.  Defendant Ronetco moves for summary judgment in its favor

on all the counts brought against it by plaintiffs Arthur Nedinsky and Sandra Nedinsky (D.E. 76

("Ronetco Brief")), with opposition from plaintiff (D.E. 81 ("Nedinsky Ronetco Opposition

Brief")).    Mainardi Management Co., defendant and third party plaintiff, and Wurtsboro

Associates, third party defendant and third party plaintiff, jointly move for summary judgment

(D.E. 80 "Mainardi and Wurtsboro Brief")), with opposition from Nedinsky (D.E. 82 ("Nedinsky

Mainardi and Wurtsboro Brief")).  Third party defendant J.W. Construction Company moves for

summary judgment (D.E. 77 ("J.W. Construction Brief")), without any opposition from Ronetco,

the third party plaintiff; at oral argument, no party objected to dismissing J.W. Construction.

Finally, third party defendant Klae moves for summary judgment (D.E. 79 ("Klae Brief")).

Ronetco, its third party plaintiff, did not oppose the motion.  The parties are familiar with the facts

of the case, which they continue to dispute, supporting the unavailability of summary judgment to

the main actors.

On February 6, 2017, the Court held oral argument.  All parties were present, including D&C Contractors, the one nonmoving defendant-party.  (D.E. 108.)

## I.        Procedural History

On January 20, 2013, plaintiffs Arthur Nedinsky and his wife Sandra Nedinsky sued Ronetco Supermarkets, Franklin Shopping Center LLC, Franklin Shopping Plaza, LLC, Mainardi Management Company, and JOHN DOES 1-10 inclusive, alleging one count of negligence and one count of loss of consortium.  (D.E. 1.)[1]  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00.  Their allegations arise from Arthur Nedinsky's injuries sustained when he was delivering goods to ShopRite.  (D.E. 1 ("Complaint") ¶ 17.)  Nedinsky alleges that at the time he made his delivery, there was ongoing construction at the supermarket site.  According to the complaint, he stepped into a partially covered, unmarked ditch that was covered with snow, creating a dangerous condition, as a result of which he was seriously injured.  (Compl. 19, 20.)

Ronetco answered and cross claimed for indemnification and/or contribution against Franklin Shopping Center LLC, Franklin Shopping Plaza, LLC, Mainardi Management Company, and JOHN DOES 1-10 inclusive.  Additionally, Ronetco filed a third-party complaint against Wurtsboro Associate, Klae Construction, and D&C contractors.  (D.E. 12, 13 ("Ronetco Answer and Third-Party Complaint").)  Mainardi Management answered Ronetco's cross claim for indemnification and/or contribution and made a cross claim for contribution against Ronetco.  (D.E. 17 ("Mainardi Answer and Complaint").)  D&C answered the third-party complaint and

---

[1] Ronteco Supermarkets was improperly pleaded as ShopRite Wines and Spirits of Franklin and commonly does business as or advertises as ShopRite liquors store.  The court will refer to the party only as Ronetco.  Franklin Shopping Plaza and Center was also improperly pleaded and the Court will refer to it as Mainardi Management.

cross claimed for contribution against Wurtsboro Associates and Klae Construction. (D.E. 21 ("D&C Answer and Complaint").)   Much later in the litigation, defendants and third party plaintiffs Wurtsboro Associates and Mainardi Management Company filed a third party complaint against J.W. Construction. (D.E. 50 ("Wurtsboro and Mainardi Complaint").)

## II.   Motions for Summary Judgment

### A. Standard

Under Federal Rule of Procedure 56, "[s]ummary judgment is appropriate when the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).   An issue of fact is material and genuine if it "affects the outcome of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (quotation and alteration marks omitted).   The familiar standard places on the party seeking summary judgment "the burden of demonstrating that the evidentiary record presents no genuine issue of material fact." *Id.*

### B. Motions

The Court has before it four Summary Judgment Motions.

1.   Ronetco Supermarkets' Motion for Summary Judgment

Ronetco makes only one legal argument, which is that Magistrate Judge Waldor "required" Nedinsky to provide an expert report.   According to Ronetco, the absence of an expert report now entitles it to summary judgment.

The order Ronetco refers to is a text order amending a discovery schedule (D.E. 70), which states:

> TEXT ORDER: The Court will hold an In-Person Settlement Conference on 3/24/16 at 10:30 A.M. in Courtroom 4C. All persons, including trial counsel and clients with settlement authority, must be

4

> present. Parties are also required to submit a three (3) page confidential settlement memorandum to chambers via email to CLW_Orders@njd.uscourts.gov at least three (3) business days prior to conference. **Amended Scheduling Order: Fact end: 1/31/16; Affirmative expert report: 2/4/16**; Response: 5/4/16; Expert end: 7/8/16. So Ordered by Magistrate Judge Cathy L. Waldor on 11/18/15

(D.E. 70 (emphasis added).)

The standard that indicates when an expert is required in order for a plaintiff to prove negligence in New Jersey was established long ago in *Butler v. Acme Markets, Inc*., 89 N.J. 270, 283 (1982).

> [T]he test of need of expert testimony is whether the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment as to whether the conduct of the party was reasonable.

*Id.* at 283.  *See also State v. Zola*, 112 N.J. 384 (1998) (citing the *Butler* standard for when expert testimony is required to establish the duty of care); *Lesniak v. County of Bergen*, 117 N.J. 563 (1989) (same); *Hopkins v. Fox & Lazo Realtors*, 132 N.J. 426 (1993) (same); *State v. Berry*, 140 N.J. 280 (1995) (same) ; *State v. Hackett*, 166 N.J. 66 (2001) (same); *Scully v. Fitzgerald*, 179 N.J. 114 (2004) (same); *Phillips v. Gelpke*, 190 N.J. 580, 921 (2007) (same); *Davis v. Brickman Landscaping, Ltd.*, 219 N.J. 395 (2014) (same).

Here, Judge Waldor's text order did not state Nedinsky was *required* to provide an expert report.  The order merely provided a deadline for any party to submit one.  Additionally, it appears from the facts that Nedinsky's lawsuit does not call for factual findings beyond the ken of the average layperson, and counsel's strategy in not producing an expert report is not fatal to Nedinsky's ability to present evidence to a jury.

Further damaging its position is Ronetco's failure to submit a separate Statement of Material Facts in its moving papers, as required by Local Rule 56.1.  Instead, in its brief, Ronetco

offers a statement of material facts that cites only to the complaint and the answer, which together constitute the antithesis of undisputed facts.  Both in substance and form, Ronetco's motion is unpersuasive and deficient, and the Court denies it.

2.  <u>Mainardi Management Co., and Wurtsboro Associates' Motion for Summary Judgment</u>

Mainardi and Wurtsboro make similar arguments that an expert is needed and that plaintiff failed to produce an expert report despite having ample time to do so.  They also add that "the purpose of the summary judgment procedure is to provide a prompt, business-like and inexpensive means of disposing of a case." (D.E. 80 ("Mainardi and Wurtsboro Brief") at 10.)  This over-simplifies and misstates the purpose of summary judgment, which is available to a party in a case like this when there are *no undisputed facts* and, because of that,  that party is entitled to judgment *as a matter of law*.[2]  Significantly, neither Ronetco or Mainardi and Wurtsboro has shown – or even directly argued – that the facts are undisputed.  Indeed, taking to its logical conclusion their argument about the necessity of an expert report, these defendants are admitting there are plenty of factual disputes.

Like Ronetco, Mainardi and Wurtsboro did not include a separate Statement of Undisputed Material facts as required by Local Rule 56.1.  What they did submit is unpersuasive and deficient.

3.  <u>J.W. Construction Company's Motion for Summary Judgment</u>

---

[2] Mainardi and Wurtsboro focus on *Judson v. People's Bank and Trust of Co. Westfield*, 17 N.J. 67 (1955), to support the misguided argument that courts should grant summary judgment liberally to save time and money.  Ignoring the fact that these summary judgment applications are governed by federal law, the Court notes that *Judson* actually stands for the opposite proposition.  In Justice Brennan's opinion, he highlights the "disproportionate number of reversals of summary judgment made necessary on appeal by the failure to observe the limits of the form and purpose of the procedure." *Id.* at 77.  He goes on to explain that "[t]ime is lost and not saved and expenses are added, not avoided" when summary judgment is granted inappropriately. *Id.*

Third party defendant J.W. Construction Company, a snow-removal company, moved for summary judgment (D.E. 77), and no one, not plaintiff, Ronetco, nor any other party opposed. When the Court inquired at oral argument, no party objected to dismissing J.W. Construction. Summary judgment is appropriate.

4.  Klae Construction, Inc. Motion for Summary Judgment

Plaintiff did not sue Klae Construction, which moved for summary judgment on Ronetco's third party complaint against it.  (D.E. 78.)  Ronetco did not submit any opposition. At oral argument, the parties agreed that Klae had completed the construction work at the site approximately two months prior to Nedinsky's injuries.  There are no facts alleged in plaintiff's complaint that would hold Klae in the case, and no opposition from the party suing it to the Court's granting summary judgment to Klae.  The Court grants the motion.

## III.    Conclusion

For the foregoing reasons, the motions for summary judgment in their favor filed by Ronetco (D.E. 76) and Mainardi Management and Wurtsboro Associates (D.E. 80) are **DENIED**. Summary judgment is **GRANTED** in favor of J.W. Construction (D.E. 77) on Wurstboro and Mainardi's third party complaint against it; and Klae Construction's summary judgment (D.E. 78.) is **GRANTED** in its favor on Ronetco's third party complaint against it.  An appropriate order accompanies this opinion.

s/ Katharine S. Hayden_____
Katharine S. Hayden, U.S.D.J.

Dated: March 27, 2017